IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVEN LEE CARTER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 09-517-GPM |
| | ) |
| DONALD GAETZ, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner, an inmate in the Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He seeks leave to proceed *in forma pauperis*, and the Court finds that he is, in fact, indigent. Therefore, the motion (Doc. 3) is **GRANTED**.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that a portion of the petition must be dismissed.

### CLAIM 1

In his first claim for relief, Carter challenges a disciplinary proceeding in which he lost four

months of good conduct credit. He specifically asserts that his requested witnesses were not called, in violation of his rights to procedural due process.

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time or otherwise is subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-572.

> *Wolff* required that inmates facing disciplinary charges for misconduct be accorded [1] 24 hours' advance written notice of the charges against them; [2] a right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; [3] the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; [4] an impartial tribunal; and [5] a written statement of reasons relied on by the tribunal. 418 U.S. at 563-572.

*Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983).

A loss of good conduct credit does implicate a liberty interest because such a loss potentially affects the length of Carter's sentence. As such, Carter does present a cognizable due process claim regarding good time credit revoked in this disciplinary proceeding.

### CLAIM 2

Carter's second claim is that this disciplinary proceeding was undertaken in retaliation for his filing of grievances, and thus his First Amendment rights were violated. Although not specifically stated, the Court surmises that Carter may be trying to present a claim for damages due to this retaliatory motive. Such a claim does not involve either the fact or duration of his confinement. Thus, this claim does not fall under the umbrella of habeas corpus law. *See generally* 28 U.S.C. §§ 2241, 2254; *Preiser v. Rodriguez*, 411 U.S. 475, 484-85 (1973); *United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); *Graham v. Broglin*, 922 F.2d 379 (7th Cir. 1991); *see also*

*Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 138-139 (7th Cir. 1995).

While courts sometimes construe a mistakenly-labeled habeas corpus petition as a civil rights complaint, *see, e.g., Graham*, 922 F.2d at 381-82 (collecting cases), it would be inappropriate to do so here because Carter would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub.L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C. § 1915. The Court is unable to provide the relief sought; accordingly, Carter's First Amendment claim is **DISMISSED** without prejudice from this habeas corpus action.

### CLAIM 3

Carter's final claim is that he has been assaulted by officers and denied medical treatment, in violation of his rights under the Eighth Amendment. Like his First Amendment claim, for the reasons set forth above, this claim does not involve either the fact or duration of his confinement, and it does not fall under the umbrella of habeas corpus law. Because the Court is unable to provide the relief sought, Carter's Eighth Amendment claim is **DISMISSED** without prejudice from this habeas corpus action.

### SUMMARY

**IT IS HEREBY ORDERED** that **CLAIM 2** and **CLAIM 3** are **DISMISSED** without prejudice from this action.

**IT IS FURTHER ORDERED** that Respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice will result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: 03/02/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge