**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **KEVIN LEE CARTER,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-517-GPM |
| | ) |
| **DONALD GAETZ,** | ) |
| | ) |
| Respondent. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This matter is before the Court on the Report and Recommendation (Doc. 8) (Report) of Magistrate Judge Phillip M. Frazier recommending that the Court deny Petitioner Keven Lee Carter's "Motion to Show Cause" (Doc. 5) construed as a motion for release pending a final decision on his habeas corpus petition filed pursuant to 28 U.S.C. § 2254 (Doc. 1). In his amended petition Carter challenges the adequacy of the procedures used in revoking his parole and seeks restoration of a total of four months of good time credit revoked on his state sentence (Doc. 10).

The Court has reviewed Magistrate Judge Frazier's Report and, pursuant to Federal Rule of Civil Procedure 72(b), it may now accept, reject or modify, in whole or in part, his findings and recommendations. The Court is obligated to review *de novo* the portions of the report to which objections are made. Fed. R. Civ. P. 72(b)(3). "If no objection or only partial objection is made, the district judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Report recommends that Carter's Motion be denied because his "request is not

accompanied by exceptional circumstances showing that release is justified" (Doc. 8). Rather than responding or objecting directly to the Report, Carter instead chooses to rehash all of the claims in his amended habeas petition (*see* Doc 16). The Court will address the merits of Carter's petition in due course. The only issue before the Court now, however, is Judge Frazier's Report regarding whether Carter should be released pending a final decision on his habeas petition. Because Carter seems to generally object to the entire Report, the Court will review the Report *de novo*.

Federal district courts have "inherent power to admit applicants to bail pending the decision of their cases, but [it is] a power to be exercised very sparingly." *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985). In order to qualify for bail after being tried, convicted and sentenced, a petitioner must demonstrate a "greater showing of special reasons for admission to bail pending review … than would be required in a case where applicant had sought to attack by writ of habeas corpus an incarceration not resulting from a judicial determination of guilt." *Aronson v. May*, 85 S.Ct. 3, 5 (1964) (Douglas, J. on application for bail). For example, a petitioner would need to present a substantial constitutional question in his collateral attack and "some circumstance making []his application exceptional and deserving of special treatment in the interests of justice." *Id.*

Here, Carter has not referenced any exceptional circumstances warranting his release pending a final decision on his petition. The only somewhat unusual circumstance is that Carter was originally set to be paroled in November 2009, and apparently, he was released and his parole was revoked on the same day because "he had no parole site to be released to" (Doc. 16, p. 3). "Illinois' parole statute does not create a legitimate expectation of parole." *Heidelberg v. Ill. Prisoner Rev. Bd.*, 163 F.3d 1025, 1027 (7th Cir. 1998). However, parole — like good time credits that have been awarded — "is a form of statutory liberty once the prisoner has been released." *Montgomery v.*

*Anderson*, 262 F.3d 641, 644 (7th Cir. 2001).  As such, once released, states must use "appropriate procedures" before revoking parole, and before revoking credits, once bestowed. *See Id*. at 644-45, *citing Morrissey v. Brewer*, 408 U.S. 471, 489 (1972); *see also Love v. Sherrod*, 247 Fed. Appx. 35, 39 (7th Cir. 2007) (unpublished) ("All that due process requires is a written notice of the claimed violations of parole." (internal quotation omitted)).  Nevertheless, "good time is relinquished as soon as a prisoner is paroled."  *Schmanke v. Irvins*, 207 Fed. Appx. 655, 659 (7th Cir. 2006) (unpublished).  As a result, Carter may have a viable due process claim regarding either his loss of good time credits or his parole being revoked, but he cannot have a due process claim to both.  Regardless, the alleged lack of appropriate procedures in revoking his good time credits and his parole is not exceptional enough to warrant release on bail pending a final determination of Carter's claims in his habeas petition.

In sum, the Court has reviewed the Report *de novo* and has determined that the reasoning and findings in the Report are correct; especially in light of the fact that Carter has made no showing of any truly exceptional circumstances justifying the relief he seeks.  For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Frazier's Report in its entirety (Doc. 8) and **OVERRULES** Carter's objections to the Report (Doc. 16).  Carter's Motion to Show Cause (Doc. 5), construed as a motion for release pending a final decision on his *habeas corpus* petition, is therefore **DENIED**.

**IT IS SO ORDERED.**

DATED: 04/23/2010

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge