## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVEN LEE CARTER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 09-517-GPM |
| | ) |
| DAVE REDNOUR, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Keven Lee Carter's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 (Doc. 15).[1] Respondent filed an answer to the petition on April 5, 2010. For the following reasons, the petition is DENIED and Petitioner's pending motions for an order to show cause and for summary judgment are denied as moot.

### BACKGROUND

In 2003, the Circuit Court of Winnebago County, Illinois imposed a thirteen year sentence on Petitioner for a conviction of attempted aggravated criminal sexual assault. Petitioner appealed that conviction in the Second District of Illinois, where it was affirmed. In the petition currently before the Court, Petitioner does not argue his conviction or sentence, but challenges the revocation of good conduct credits (Doc. 15 at 4). Petitioner also alleges that he has been detained past his

---

[1] Dave Rednour has replaced Donald Gaetz as Warden of Menard Correctional Center, and is, therefore, substituted as the proper respondent. Petitioner's amended petition was filed March 19, 2010. Note, Petitioner was convicted as "Kevin Lee Carter" (Doc. 15 at 1).

projected November 25, 2009 parole date due to IDOC's failure to contact possible parole host sites provided by his mother in anticipation of his release.  Petitioner further alleges that he was not given a preliminary parole revocation hearing regarding his projected November 25, 2009 parole release.  Petitioner claims that, because he had no suitable parole placement, he violated that release "at the door." (*Id.* at 7).  Petitioner also alleges that he was not provided a copy of a parole violation report related to a January 27, 2010 Prisoner Review Board hearing.

Grievance of Good Conduct Credit Revocations

On June 15, 2006, Illinois Department of Corrections (IDOC) staff issued a disciplinary report charging that Petitioner falsely claimed he had been physically assaulted by prison staff (Doc. 21-1).  The hearing on this incident was held June 19, 2006 at Big Muddy River Correctional Center and resulted in disciplinary action against Petitioner, including revocation of three months good conduct credit (Doc. 21-2).  Petitioner filed a grievance for the restoration of that revoked good time credit on June 28, 2006 (Doc. 21-2).  This grievance was reviewed and denied by a Grievance Officer on July 4, 2006, and that denial was approved by the Chief Administrative Officer on July 6, 2006 (Doc. 21-4).  Petitioner appealed that decision to the Director on July 14, 2006 (*Id.*).  The Administrative Review Board and the Director denied the grievance on February 22, 2007 (Doc. 21-5).

The second revocation of good time credit disputed in Petitioner's § 2254 claim arose from a July 14, 2006 disciplinary report charging Petitioner with fighting another inmate (Doc. 21-6).  The  hearing for this incident took place July 17, 2006, where Petitioner was found guilty and one month of good conduct credit was revoked (Doc. 21-7).  Petitioner's grievance of this decision was reviewed and denied in a Grievance Officer's Report dated August 23, 2006 (Doc. 21-8).  The Chief

Administrative Officer concurred in the dismissal on August 24, 2006, and Petitioner then appealed

to the Director on September 8, 2006 (*Id.*).  The Director and Administrative Review Board denied

the grievance on August 23, 2007 (Doc. 21-9).

State Court Appeals

Petitioner appealed the above loss of four cumulative months good conduct credit in a

petition of mandamus filed in the circuit court of Sangamon County, Illinois on June 12, 2007.

Petitioner asserted that his good conduct credits were wrongly revoked because evidence and

witnesses were improperly excluded from his grievance hearing (Doc. 21-10).  Petitioner did not

specify what his allegedly excluded "evidence" would have shown, nor did he specify witnesses.

In a July 13, 2007 docket entry, the circuit court dismissed the petition for failure to state a cause

of action and lack of jurisdiction (Doc. 1-1).  On August 2, 2007, Petitioner filed a motion for

reconsideration of the dismissal (Doc. 1-1).  This motion appears to remain pending before the

Sangamon County circuit court.  On February 16, 2010, Petitioner filed a petition for state habeas

corpus relief in the circuit court of Randolph County, Illinois.  This petition asserted that Petitioner's

due process rights were violated during the revocation of good time credits and that his First

Amendment rights were violated when IDOC failed to find a suitable parole location (Doc. 27).  No

action has yet been taken in state court on this petition.

## ANALYSIS

A federal court may grant a writ of habeas corpus under 28 U.S.C. § 2254 "only if the state

court reached a decision on the merits of a claim, and that decision was either contrary to, or

involved an unreasonable application of, clearly established Federal law…or was based on an

unreasonable determination of the facts in light of the evidence presented in the State court

proceeding." *Stock v. Rednour,* 621 F.3d 644, 648 (7th Cir. 2010).  Where a state court has not rendered a decision on the merits, the federal court must "use…the general standard set forth in 28 U.S.C. § 2243, which requires [the court] to dispose of the matter as law and justice require." *Cheeks v. Gaetz,* 571 F.3d 680, 684-85 (7th Cir. 2009).

The Court's review on the merits is unnecessary if Petitioner's claim is procedurally defaulted by failure to exhaust state court remedies.  *See Lieberman v. Thomas,* 505 F.3d 665, 671 (7th Cir. 2007).  "A petitioner is generally required to exhaust all of his available state court remedies before seeking a writ of habeas corpus in federal court." *Id.* at 669, *citing* 28 U.S.C. § 2254(b)(1)(A).  Exhaustion in the Illinois state courts requires "that a petitioner must have directly appealed to the Illinois Appellate Court and presented the claim in a petition for leave to appeal to the Illinois Supreme Court." *Guest v. McCann,* 474 F.3d 926, 930 (7th Cir. 2007).  Absent state court exhaustion, "a federal court may still hear a petitioner's claim if he can demonstrate either (a) cause for the default and prejudice (i.e. the errors worked to the petitioner's actual and substantial disadvantage), or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (i.e. a claim of actual innocence)." *Conner v. McBride,* 375 F.3d 643, 648 (7th Cir. 2004) (internal quotations and citations omitted).

Exhaustion

Petitioner raises the following claims:(1) that the revocation of four months good time credit was without due process, as he was unable to present witnesses and evidence; (2) that IDOC's failure to investigate possible parole sites led to his illegal incarceration; (3) that he was not given a preliminary parole violation hearing; and (4) that he was not allowed to read a copy of a parole violation reports before a hearing.  Petitioner raised claims two through four for the first time in state

court in his February 16, 2010 petition before the circuit court in Randolph County. Petitioner has not even allowed the circuit court to act on this petition, much less appealed any decision on these claims to the Illinois appellate and supreme courts–as such, these issues are procedurally defaulted for failure to exhaust state court remedies. Nor has Petitioner exhausted his state court remedies with regards to his first claim, revocation of good time credit. As stated above, the circuit court of Sangamon County dismissed Petitioner's petition on July 13, 2007 after which Petitioner filed a motion for reconsideration instead of appealing to the Illinois Appellate Court. Because the revocation of good time claim has yet to be appealed to the Illinois Appellate Court or Illinois Supreme Court, it too would appear procedurally defaulted. However, as the Sangamon County circuit court has yet to rule on Petitioner's motion for reconsideration after three years, this Court will address the merits of Petitioner's claim that is before the Sangamon circuit court only–namely, that petitioner was denied a hearing "pursuant to rules and regulations" when the hearing panel "excluded witnesses and evidence" (Doc. 15; Doc. 1-1).

Revocation of Good Conduct Credits

Prisoners have a liberty interest in their good time credits, and deprivation of those credits necessitates due process. *See Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). "Due process requires that prisoners in disciplinary proceedings be given: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Id, citing Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992) and *Wolff v. McDonnell,* 418 U.S. 539 (1974).

The amended petition states that Petitioner was denied a hearing "pursuant to rules and regulations governing the revocation of good time credits" (Doc. 15).  In his leave to file petition of mandamus to the circuit court in Sangamon County, Petitioner alleged that "the Hearing Panel excluded witnesses and evidence without written reason" (Doc. 1-1).  In his initial petition before this Court, Petitioner stated only that he " was found guilty without due process of law where none of my witnesses were called by [the] Adjustment Committee" (Doc. 1).

Under Rule 2(c) of the rules governing section 2254 cases, "a petitioner is obliged to specify all the grounds for relief available to him and the facts supporting each ground."  *Thoompson v. Battaglia,* 458 F.3d 614, 616 (7th Cir. 2006).  In addition to the rule requiring factual specificity in the § 2254 petition, "[a]dequate presentation of a claim to the state courts requires the petitioner to present both the operative facts and the legal principles that control each claim."  *Pole v. Randolph,* 570 F.3d 922, 934 (7th Cir. 2009).  Failure to adequately present a claim in state court may result in the procedural default of that claim in a section 2254 proceeding.  *See id.* and *Stevens v. McBride,* 489 F.3d 883, 894 (7th Cir. 2007).

Petitioner has failed to comply with Rule 2(c) by failing to identify the alleged excluded witnesses.  Even Petitioner's state mandamus petition fails to name the witnesses or state what their proposed testimony might have been.  Petitioner has not attached any proposed witness affidavits, nor does he offer any proof that these unnamed witnesses would have testified in support of his allegations.  In fact, Petitioner states that he "can't predict what these witnesses might testify to…" (Doc. 34 at 11).  "[T]here is no right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary."  *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003), *see also Scruggs,* 485 F.3d at 939-40 ("[P]rison disciplinary officials need not permit the presentation of irrelevant or

repetitive evidence in order to afford prisoners due process in disciplinary proceedings.") Without any factual basis for his claims or any evidence that the allegedly excluded testimony and evidence would be anything other than irrelevant, Petitioner's appeal of his good time credit revocation before this Court is procedurally defaulted. The Sangamon County circuit court's initial dismissal of Petitioner's mandamus petition for failure to state a claim was clearly not unreasonable.

## CONCLUSION

Petitioner's claims are either procedurally defaulted for failure to exhaust state court remedies or for failure to support his petition with factual specificity. His petition for writ of habeas corpus is therefore DENIED. Petitioner's motions for summary judgment and for an order to show cause are denied as moot.

**IT IS SO ORDERED.**

DATED: 11/22/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge